**GUZZARDO & ASSOCIATES LLC**
**Joseph P. Guzzardo, Esq.**
**PA Id. 95089**
**121 S. Broad St. Suite 1600**
**Philadelphia, PA 19107**
**jguzzardo@guzzardolaw.com**
**Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW TOBIN** : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | **No.** |
| v. : | |
| : | |
| **TROOPER MAX SEILER** : | |
| And : | |
| **JOHN DOE STATE TROOPERS 1-5** : | |
| And : | |
| **JOHN DOE SUPERVISORS 1-5** : | |
| **In their individual and official capacities,** : | |
| **Defendants.** : | |

### I.  INTRODUCTION

1. This action for declaratory, injunctive and other appropriate relief is brought by Plaintiff Andrew Tobin to redress the intentional violations by and other of the rights secured to him by the laws of the United States of America that occurred on July 8, 2020; on that date, Defendant State Troopers, after Mr. Tobin voluntarily laid on the ground in surrender, savagely beat Mr. Tobin, handcuffed his hands behind his back and escorted him to a six (6) foot high fence whereupon Defendants lifted Mr. Tobin to the top of the

fence and intentionally and maliciously threw him over the opposite side, fracturing his pelvis.

## II. JURISDICTION

2. Jurisdiction is conferred upon this court by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 which provide original jurisdiction for Plaintiff's claims.

3. Jurisdiction over the state law claims is based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4. The amount in controversy exceeds one hundred thousand dollars ($100,000).

## III. VENUE

5. All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## IV. PARTIES

6. Plaintiff is an individual residing at 165 Maine Street in Wernsville, PA 19565

7. Defendant, Max Seiler, is Pennsylvania State Trooper with Troop L, having barracks located at 600 Kenhorst Blvd., Reading, PA 19611.

8. John Doe State Troopers 1-5 are Pennsylvania State Troopers with Troop L, having barracks located at 600 Kenhorst Blvd., Reading, PA 19611.

9. John Does State Trooper Supervisors are Pennsylvania State Trooper Supevisors with Troop L, having barracks located at 600 Kenhorst Blvd., Reading, PA 19611.

## V.  FACTS

14. On July 8, 2020, at approximately 11:30 a.m., Plaintiff was legally operating a 2007 Ford Taurus on Mount Laurel Road at or near its intersection with Blandon Road in Berks County.  Plaintiff had one passenger in the vehicle with him at the relevant time.

15. On the same above date, time and location, Defendant State Trooper, Max Seiler, was working within the course and scope of employment, under color of state law, operating an unmarked State police vehicle.

16. According to Defendant Seiler's affidavit of probable cause, he determined that Plaintiff's vehicle registration had expired thirty eight (38) days prior on May 31st and thereafter sought to conduct a traffic stop of Plaintiff's vehicle.

17. According to Defendant Seiler's affidavit of probable cause, he activated his emergency lights and siren to signal Plaintiff to pull over.

18. At the relevant time, Plaintiff had on his person an unregistered and unlicensed firearm.

19. Realizing that his possession of the firearm may subject him to arrest, Plaintiff panicked and attempted to evade Defendant Seiler.

20. A vehicle pursuit ensued ending when a third party motorist struck Plaintiff's vehicle.  Plaintiff was not injured whatsoever as a result of the crash.

21. Still panicked and frightened of arrest, Plaintiff exited his vehicle near a residence located at 302 Hartz Road in Ruscombmanor Township, Berks County.

22. Plaintiff sprinted away from his vehicle for some distance, jumped over an approximately six (6) foot high fence and ran a few more yards before he came to terms with his poor

decision and voluntarily laying down on the ground with his hands above his head to surrender to pursuing Defendant John Doe State Troopers and Trooper Seiler.

23. While lying on the ground, Plaintiff verbally advised Defendants of his location and that he was not and would not resist arrest. Plaintiff posed no threat to Defendants and was not in any position to flee due to his location vis a vis Defendant Troopers.

24. Defendant Troopers, including Seiler, approached Plaintiff as he lay on the ground in a supine position and handcuffed Plaintiff's hands behind his back without struggle.

25. Once Plaintiff's hands were secure, Defendant troopers, including Seiler, repeatedly struck Plaintiff with theirs knees and fists, causing Plaintiff to suffer multiple contusions and abrasions.

26. Defendant troopers, including Seiler, thereafter stood Plaintiff up and escorted him back in the direction they came until they arrived at the above referenced fence.

27. Defendants could have easily escorted Plaintiff around the fence and/or sought to exit via gate, but instead forcefully shoved Plaintiff into a fence pole.

28. Realizing that Defendants had no intention of exiting the fence area with Plaintiff via walking, Plaintiff commented that Defendants probably should not have handcuffed his arms behind his back if they intended to exit in the same manner they entered – ie., by climbing the fence.

29. Defendant Seiler then stated to Plaintiff, "Don't worry about that, we are professionals at getting handcuffed people over fences." Seiler was communicating to Plaintiff that he and his fellow troopers customarily tossed arrested and handcuffed citizens over fences as a matter of course and policy with malicious intent.

30. Moments later, Defendant Seiler and another John Doe Trooper threw Plaintiff over the fence with complete understanding that Plaintiff could not break his fall due his hands being cuffed behind his back.

31. Plaintiff struck the ground with such force that he fractured his pelvis necessitating immediate emergency surgical repair.

32. At no point to John Doe State Troopers attempt to dissuade or stop Seiler and the other Trooper from throwing Plaintiff over the fence.

33. Plaintiff was transported via ambulance to Reading Hospital and Medical Center whereupon he was treated for his injuries.

34. While at the hospital, Defendant Seiler and John Doe State Troopers attempted to cover up their outrageous and malicious assault of Plaintiff by telling Plaintiff's treating physicians that Plaintiff's injuries were the result of the auto accident.  In response, the treating physician retorted that Plaintiff never would have been able to sprint from his vehicle and leap over a fence with a severely fractured pelvis.

## COUNT I
### PLAINTIFF V. DEFENDANT MAX SEILER AND JOHN DOE STATE TROOPERS 1-5 VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTOF THE UNITED STATES CONSTITUION under 42 U.S.C. 1983 –Use of Unreasonable force

35. Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

36. The Defendant State Troopers' treatment of plaintiff was without provocation and unreasonable, and was as a direct result of custom, policy, and practice instituted by John Does State Trooper Supervisors.

37. At all relevant times, the Defendant State Trooper were acting under color of state law and knew that their conduct was objectively unreasonable, deliberately indifferent, sadistic and malicious.

38. As the direct and proximate result of the Defendant State Trooper's actions as described herein, each of them committed under color of state law under their authority of the Commonwealth of Pennsylvania, plaintiff sustained grievous bodily harm and was deprived of his right to be secure in his person, against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

39. As the direct and proximate result of the aforesaid unlawful and malicious physical abuse of plaintiff by Defendant State Troopers, plaintiff suffered severe and permanent injuries and damages including, but not limited to, fractured pelvis requiring reconstructive surgery, contusions, abrasions, , severe post-traumatic stress, severe bruising throughout his body, several lacerations on his face, as well as multiple other injuries, causing plaintiff great pain, anguish, fear and consternation.  Additionally, plaintiff has suffered special damages in the form of medical expenses, lost wages, diminished future earning capacity, and will suffer additional special damages in the future in amounts which have not yet been determined.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a. Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiff.

    b. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay,

      loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

  c.  Award reasonable costs and attorneys' fees;

  d.  Award punitive damages; and

  e.  Grant any other relief this Court deems just and proper under the circumstances.

## COUNT II
## PLAINTIFF V. DEFENDANT MAX SEILER AND JOHN DOE STATE TROOPERS 1-5
## CONSPIRACY TO VIOLATE CIVIL RIGHTS, 42 USC 1983

40. Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

41. Defendants conspired to violate Plaintiffs' civil rights, as set forth above.

42. The above actions of the defendants were as a result of the policies, practices and/or customs as created and furthered by Defendant John Doe Supervisors 1-5.

43. The actions of Defendants aforesaid constitute conspiracy to use excessive force to arrest Plaintiff in violation of Plaintiffs' Fourth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

  a.  Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiff.

  b.  Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

    c.    Award reasonable costs and attorneys' fees;

    d.    Award punitive damages; and

    e.    Grant any other relief this Court deems just and proper under the circumstances.

## COUNT III
## PLAINTIFF V. DEFENDANT JOHN DOE STATE TROOPERS 1-5
## BYSTANDER LIABILITY/FAILURE TO INTERVENE under 42 USC 1983

44. Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

45. Defendant John Doe State Troopers 1-5 had a realistic and reasonable opportunity to stop other State Troopers from throwing the handcuffed Plaintiff over a chain link fence and simply refused to do so as set forth above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a.    Enter a declaratory judgment that Defendants acts complained of herein have violated and continue to violate the rights of Plaintiff.

    b.    Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

    c.    Award reasonable costs and attorneys' fees;

    d.    Award punitive damages; and

    e.    Grant any other relief this Court deems just and proper under the circumstances.

## COUNT IV

## PLAINTIFF V. DEFENDANT JOHN DOE STATE TROOPER SUPERVISORS 1-5

### FAILURE TO TRAIN and CREATION OF UNCONSTITIONAL POLICY AND CUSTOM in violation of Section 1983

46. Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

46. As Defendant Seiler stated to Plaintiff, it was customary for State Troopers to throw handcuffed suspects over fences in lieu of other means of navigation.

47. Seiler's statement is direct evidence of a pattern and practice at the Reading PA State Trooper barracks.

48. Furthermore, Seiler's statement is direct evidence of an intentional lack of training and/or punishment of such conduct by Defendant Supervisors.

49. By extension, it is clear that Defendant John Doe Supervisors 1) knew of a prior pattern of similar incidents or circumstances and (2) acted in a manner than reasonably could be found to communicate a message of approval to the subordinate.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a. Enter a declaratory judgment that Defendants acts complained of herein have violated and continue to violate the rights of Plaintiff.

    b. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

    c. Award reasonable costs and attorneys' fees;

    d. Award punitive damages; and

      e.      Grant any other relief this Court deems just and proper under the circumstances.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                            Respectfully submitted,

                            /s/ Joseph P. Guzzardo, Esq.
                            Joseph Guzzardo, Esq.
                            Guzzardo & Associates LLC
                            121 S. Broad St, Suite 1600
                            Philadelphia, PA 19107
                            215-718-6691
                            Jguzzardo@guzzardolaw.com

July 8, 2022